**UNITED STATES of America, Appellee**

v.

**Ramon ALBERTO–GENAO, Appellant.**

No. 05–3034.

United States Court of Appeals,
District of Columbia Circuit.

May 9, 2006.

Roy Wallace McLeese, III, Assistant U.S. Attorney, Elizabeth Trosman, Assistant U.S. Attorney, Anthony Asuncion, Florence Y. Pan, Kenneth L. Wainstein, U.S. Attorney, U.S. Attorney's Office, Washington, DC, for Appellee.

A. J. Kramer, Federal Public Defender, Mary Manning Petras, Federal Public Defender, Washington, DC, for Appellant.

Before: GINSBURG, Chief Judge, and SENTELLE and BROWN, Circuit Judges.

***JUDGMENT***

PER CURIAM.

Upon consideration of the record from the United States District Court for the District of Columbia and the briefs and arguments of the parties, it is

**ORDERED AND ADJUDGED** that the judgment of the District Court be affirmed.

Ramon Alberto–Genao ("Genao") appeals from an order of the district court denying his motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

Genao was found guilty by a jury of unlawful possession with intent to distribute 5,000 grams or more of cocaine and aiding and abetting, and sentenced to a 164–month term of imprisonment. He subsequently filed the § 2255 motion arguing, *inter alia*, that he was ineffectively represented at trial and that a witness for the prosecution may have committed perjury. The district court judge, who presided over the trial, denied the motion, and Genao now appeals on three issues: the district court's refusal to hold a hearing on the motion; the court's denial of his ineffective assistance of counsel claim; his assertion that the prosecution's witness had in fact committed perjury and that he is therefore entitled to have his conviction set aside under *United States v. Agurs*, 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976).

First, Genao's argument that the district court erred in failing to hold a hearing on his § 2255 motion is not persuasive. We have noted elsewhere that under our previous cases "a district judge's decision not to hold an evidentiary hearing before denying a § 2255 motion is generally respected as a sound exercise of discretion when the judge denying the § 2255 motion also presided over the trial in which the petitioner claims to have been prejudiced," *United States v. Morrison*, 98 F.3d 619, 625 (D.C.Cir.1996), and we see no reason to deny that respect here.

We also do not find persuasive Genao's ineffective assistance of counsel claim. The district court judge determined that trial counsel's decisions complained of by Genao were permissible choices of trial strategy and reasonable, and upon consideration of the record we do not think that trial counsel's decisions were unreasonable. *See United States v. Toms*, 396 F.3d 427, 433 (D.C.Cir.2005). We will therefore not disturb the judgment of the district court.

Finally, we will not entertain Genao's *Agurs* claim as it has not been properly brought before us. In his § 2255 motion

Genao argued that the prosecution's witness *may* have given perjurious testimony and that he was not furnished exculpatory evidence concerning that testimony in violation of *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). On appeal, however, Genao argues that the prosecution witness *did* commit perjury and that he is therefore entitled to a new trial under *Agurs.* As the district court had no opportunity to pass on this latter argument and "[i]t is the general rule ... that a federal appellate court does not consider an issue not passed upon below," *Singleton v. Wulff,* 428 U.S. 106, 120, 96 S.Ct. 2868, 49 L.Ed.2d 826 (1976), we will not consider the argument.

Pursuant to Rule 36 of this Court, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after the disposition of any timely petition for rehearing or petition for rehearing *en banc. See* FED R.APP. P. 41(b); D.C. CIR. R. 41.